# MAXIM MAXIMOV, LLP

___ATTORNEYS AT LAW___

1701 AVENUE P
BROOKLYN • NEW YORK • 11229

EMAIL: M@MAXIMOVLAW.COM
TELEPHONE: (718) 395-3459
FACSIMILE: (718) 408-9570

January 22, 2018

**VIA ECF**
Honorable Magistrate Judge James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    **RE:**   **Case No. 1:17-cv-05799-ARR-JO**
             **Baum v. Ability Recovery Services LLC**

Dear Honorable Magistrate Judge Orenstein:

    I represent the Plaintiff in the above referenced matter. On January 4, 2018, Your Honor ordered that by January 25, 2018, the defendant must file an answer, the parties must file a stipulation extending the defendant's time to answer, or plaintiff must file a request for a certificate of default.

    I am writing to respectfully request permission to subpoena class discovery and depositions prior to an entry of default.

    The Defendant has been served on November 15, 2017 at 1:45 p.m. (Docket No. 5) and the Defendant has been contacted on several occasions via email and telephone in an effort to discuss the matter. To date, Defendant has failed to respond to Plaintiff.

    The Plaintiff now seeks to subpoena class discovery and depositions. In cases in which the District Courts have entered a default judgment against a defendant and no class has been certified, only named plaintiffs can recover damages. See Partington v. Am Int'l Specialty Lines Ins. Co., 443 F.3d 334, 340 (4th Cir.2006) (holding that class members could not use a default judgment to establish the class was judgment creditors when the district court

never formally certified the class); Davis v. Hutchins, 321 F.3d 641, 649 (7th Cir.2003) (holding that the district court improperly awarded class damages when no class had been certified).

The Plaintiffs would like to subpoena class discovery and depositions and then file a Motion for Class Certification prior to moving for default.  See Whitaker v. Bennett Law, PLLC, Case No. 13-cv-3145 (S.D. Cal. Oct. 27, 2014) (The court granted the Motion for Class Certification and stated "As a threshold matter, entry of default does not alter the Court's analysis for class certification.  Certification under Rule 23 remains a necessary procedural requirement in order for the class to recover damages ….  In the present case, [the debt collector] has defaulted, but the Court has not yet entered default judgment against it. Therefore, the Court may consider the pending motion for class certification.")

Plaintiff now seeks to have class discovery subpoenaed and depositions taken, such that they can seek default judgment on behalf of all of the fellow class members.  Plaintiffs will then seek to certify a Class in order to have the judgment entered on behalf of the certified Class.

Plaintiffs' request to certify this class and move for default judgment on behalf of the class is justified and supported by case law and public policy.  See Whitaker v. Bennett Law, PLLC, Case No. 13-cv-3145 (S.D. Cal. Oct. 27, 2014).

There is also persuasive precedent that will support Plaintiffs' request for default judgment on behalf of a class.  See Hester v. Vision Airlines, Inc., 687 F.3d 1162 (2012).  In the Hester case, Defendant answered and appeared in the class action alleged against it.  However, through a series of flagrant discovery abuses, including disobeying multiple court orders to produce documents, the district court eventually granted terminating sanctions, striking defendant's answer and entering default judgment. *Id.* at 1168.  Plaintiff had previously certified the class and therefore default judgment was entered on behalf of the class as a whole. *Id.* at 1166.  The Ninth Circuit affirmed the district court's default judgment order, stating that the district court had made the appropriate findings to support its entry of default judgment.

Defendant has elected not to participate in this lawsuit despite Plaintiff's numerous proper notifications of the lawsuit.  Plaintiff's rights, and those of their fellow class members, should not be impaired because Defendant has selected avoidance as its method to dodge adjudication on the merits of their claims.  This would be a drastically unfair result to the Plaintiffs and to their fellow class members.

Unless the Class is certified before or when the judgment is entered, it will effectively be a judgment only on behalf of Plaintiffs.  Defendant should not

be rewarded for its blatant tactics to avoid adjudication on the merits of Plaintiffs' claims simply by ignoring the Class action lawsuit.

  Plaintiff requests that the Court permit Plaintiff to subpoena class discovery and depositions prior to filing its class certification motion.

  Thank you for Your Honor's time and attention to this matter.

              Very truly yours,

              /s/ Maxim Maximov

              Maxim Maximov, Esq.