UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSEPH BAUM,                                                          MEMORANDUM
                      Plaintiff,                                       AND ORDER
        - against -
ABILITY RECOVERY SERVICES, LLC,                     17-CV-5799 (ARR) (JO)
                      Defendant.
----------------------------------------------------------X

James Orenstein, Magistrate Judge:

       Plaintiff Joseph Baum, purporting to act on behalf of a class, has accused defendant Ability Recovery Service, LLC ("Ability") of violating the Fair Debt Collection Practices Act (the "FDCPA"). *See* Docket Entry ("DE") 1 (Complaint); 15 U.S.C. §§ 1692, *et seq.* Ability has not responded, and Baum now asks for leave to serve a subpoena seeking documents and testimony in order to gather evidence that he hopes will support a motion to certify a class. *See* DE 6. For the reasons set forth below, I deny the motion.[1]

       Baum properly served Ability on November 15, 2017, and its answer was due by December 6, 2017. *See* DE 5. Ability did not respond by that date, but Baum did not then take further action to prosecute his claim until prompted to do so. By Order dated January 4, 2018, I directed Baum to seek a default by January 25, 2018 (unless Ability appeared by that date), on pain of possible dismissal for failure to prosecute. Baum did not do so. Instead, on January 22, 2018, he filed the instant request. He "seeks to subpoena class discovery and depositions" (the precise discovery demands and deponents being left unspecified) so that he may later seek a default judgment on a class-wide basis. DE 6 at 1. Baum argues that he cannot seek class certification – and therefore cannot seek a default judgment on behalf of the putative class – without such discovery. *Id.* at 1-2.

---

[1] Baum incorrectly styled the instant motion as one seeking class certification. In resolving the motion, I deny only the request for discovery-related relief.

Finally, he argues that "Plaintiff's rights, and those of their [sic] fellow class members, should not be impaired because Defendant has selected avoidance as its method to dodge adjudication on the merits of their claims. This would be a drastically unfair result to the Plaintiffs and to their fellow class members." *Id.* at 2.

I agree that the rights of putative class members should not be impaired by Ability's default. I also agree that it would be wholly unfair to allow Ability to withhold the discovery at issue if producing such information to Baum would prevent such a curtailment of the putative class members' rights. But I disagree that the discovery is necessary to prevent such injustice. To the contrary, it is class certification itself that would harm the interests of the putative class. Briefly stated, the problem arises from both the nature of the proposed class and the differing statutory remedies available to plaintiffs who proceed as individuals and as members of a class, respectively.

Baum alleges that he is one of many people to whom Ability sent an unlawfully deceptive debt-collection letter. Baum further alleges that he lacks the sophistication to have seen through the opaque language of Ability's letter, and he purports to act on behalf of a class of similarly unsophisticated consumers. *See* Complaint at ¶¶ 76-90; 100-09.

As I recently explained at length in *Etienne v. Reliant Capital Solutions, LLC*, 16-CV-2359, slip op. (E.D.N.Y. Sept. 25, 2018) (report and recommendation) (copy attached hereto), prosecuting a claim under the FDCPA on behalf of a putative class can risk two forms of injustice to absent members. First, a putative class member who wishes to seek relief on an individual basis – unlike the members of many other types of a properly certified class – has few if any obstacles to finding counsel to prosecute such a claim. Upon successfully prosecuting the claim, the individual plaintiff can secure an award of statutory damages of up to $1,000.00. In contrast, a member of a plaintiff class is entitled to no more than one percent of defendant's net worth – which may be much less

2

than $1,000.00.[2] Thus, class certification could limit a class member's recovery without providing any meaningful increase in the class member's ability to secure any recovery at all. *See Etienne* at 8-9. To be sure, in some cases, class plaintiffs could secure a greater recovery. And even if they could not, those who understood how poor a bargain they were being asked to endorse could opt out of a certified class. But those caveats do nothing to alleviate a second – and to my mind more significant – problem: as I explain at length in my report to the court in *Etienne*, members of the putative class, by definition, are presumed to be the "least sophisticated consumer" – which makes it impractical to fashion a notice that adequately explains the rights and risks a putative class member must consider in deciding whether to opt out. *See id.* at 9-12. Thus, regardless of how well or poorly a class action might compare to an individual one in a given action, FDCPA claims are poorly suited to class certification.

Accordingly, I conclude that permitting the discovery Baum now proposes would do nothing more than put him into a position to seek a class certification that the court would likely have strong reason to deny. Moreover, denying Baum the requested discovery would not impair either his own interests or those of the putative class members. Each would in any event be in a position to seek an award of full statutory damages on an individual basis – and if Ability's response to the instant action provides any useful indication of its likely reaction to future actions, each is likely to prevail. Thus, allowing class discovery would impose a burden on Ability that is not

---

[2] More precisely, the statute permits each prevailing class member to recover no more than "the lesser of $500,000 or 1 per centum of the net worth of the debt collector[.]" 15 U.S.C.A. § 1692k(a)(2)(B). Thus, in addition to the possibility that a defendant's net worth would limit a putative class member's recovery to something less than a thousand dollars, it is also possible that the member of a class with more than 500 members could not recover as much as an individual plaintiff.

necessary to protect any person's cognizable interest in prosecuting a viable legal claim. For that reason, I deny the motion.

SO ORDERED.

Dated: Brooklyn, New York
September 27, 2018

/s/
James Orenstein
U.S. Magistrate Judge